THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**STANLEY WILKINS, JR., #013997**                                                                                       **PLAINTIFF**

v.                                            Case No. 2:19-cv-00087-KGB

**CROSS COUNTY DETENTION CENTER,** *et al.*                                             **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney on March 19, 2020 (Dkt. No. 16). Plaintiff Stanley Wilkins, Jr., filed objections (Dkt. No. 17). The Court having considered the Proposed Findings and Recommendations and Mr. Wilkins' objections, and having conducted a *de novo* review of the record before the Court, adopts the Proposed Findings and Recommendations in their entirety as this Court's findings and conclusions (Dkt. No. 16).

Plaintiff is currently incarcerated at the North Central Unit of the Arkansas Division of Correction in Calico Rock, Arkansas. Judge Kearney recites the procedural history of this case in this Proposed Findings and Recommendations (Dkt. No. 16). Mr. Wilkins, in his objections, explains that he did not receive or respond timely to Judge Kearney's prior orders because Mr. Wilkins was moving between detention facilities (Dkt. No. 17). The Court credits Mr. Wilkins' explanation for his delay and considers the allegations he includes in his objections when evaluating his complaint and amended complaint. In his objections, Mr. Wilkins explains the nature of his claims and names defendants whom he believes should be held responsible (*Id.*).

As Judge Kearney explained in his Proposed Findings and Recommendations, and as this Court reaffirms, the "Constitution does not mandate comfortable prisons," and only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave

to form the basis" of a 42 U.S.C. § 1983 claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). Thus, a detainee presents a viable inhumane conditions of confinement claim only if he alleges that he was subjected to conditions that pose "a substantial risk of serious harm to his health or safety." *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996). The length of time that a prisoner is subjected to the allegedly unconstitutional conditions is a "critical factor" in the analysis. *Id.* at 269; *see also Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir. 1994).

Moreover, a prison official cannot be found liable "for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Finally, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own action, has violated the Constitution," and the complaint must contain sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Keeper v. King.,* 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability"). Liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).

As Judge Kearney explained, although Mr. Wilkins lists numerous improper conditions of confinement, he does not allege any facts to support a finding of a deprivation of the minimal civilized measure of life's necessities. In other words, although Mr. Wilkins complains about

conditions, Mr. Wilkins does not tell the Court what impact or result those conditions had on him. For example, he does not allege how long he was exposed to the challenged condition or what damage he claims to have suffered as a result.

Further, Judge Kearney explained that Mr. Wilkins also fails to include specific allegations of unconstitutional conduct by the named defendants. In his most recent objections, Mr. Wilkins repeatedly refers to Jon Walker, the jail administrator, and Joe Kelly, the jail supervisor, and "staff" as responsible, but Mr. Wilkins does not identify specifically what actions Mr. Walker or Mr. Kelly took themselves and does not identify by name or action specific members of the "staff." In other words, Mr. Wilkins still has not corrected the problems Judge Kearney has continued to identify in Mr. Wilkins complaint and amended complaint.

Accordingly, even having considered Mr. Wilkins' most recent objections, the Court adopts the Proposed Findings and Recommendations and dismisses without prejudice Mr. Wilkins' complaint and amended complaint (Dkt. Nos. 1, 10). The dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

It is so ordered this 27th day of January, 2021.

Kristine G. Baker
United States District Judge